**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| I, MAN, ASARKASAAMSU RAASAR RA II )<br>KARAPERNUNTU HERISHETAPAHERU )<br>AS PROSECUTOR: FOR MAN f/k/a CARL F. )<br>CHRISTOPHER AND FOR WOMAN )<br>CHENZIRA KAHINA FAMILY )<br> )<br>        **Plaintiffs,** )<br> )<br>        **v.** )<br> )<br>FIRSTBANK PUERTO RICO, )<br> )<br>        **Defendant.** )<br>_____) | **Civil Action No. 2016-0057** |

**Appearances:**
**Asarkasaamsu Herishetapaheru**
   **f/k/a Carl F. Christopher,** *Pro Se*
**Chenzira D. Kahina,** *Pro Se*
St. Croix, U.S.V.I.

**Warren B. Cole, Esq.,**
**Elise Catera, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

      This matter is before the Court for review of various Objections filed by Plaintiffs, Asarkasaamsu Herishetapaheru f/k/a Carl F. Christopher and Dr. Chenzira D. Kahina (collectively "Plaintiffs"), to Orders entered by Magistrate Judge George W. Cannon, Jr. Plaintiffs have filed Objections (Dkt. Nos. 76, 84, 85, 109, 110) to the Magistrate Judge's various Orders denying Plaintiffs' multiple Motions to Amend or to Supplement their Complaint (Dkt. Nos. 75, 83, 107, 108). Plaintiffs also have filed an Objection (Dkt. No. 90) to the Magistrate's Order that granted

them leave to file an Amended Complaint, but which required specified revisions to Plaintiffs' proposed amended pleading (Dkt. No. 89). For the reasons discussed below, Plaintiffs' Objections will be overruled, and the Magistrate Judge's decisions will be affirmed.

## I. BACKGROUND

In this action Plaintiffs, husband and wife, filed a *pro se* Complaint naming FirstBank Puerto Rico ("FirstBank"), Virgin Islands Community Bank ("VICB"), and Aurelio Aleman Bermudez[1] as defendants. (Dkt. No. 1). The Complaint alleges that Defendants had violated Plaintiffs' constitutional right to a jury trial in a prior proceeding. *Id.* at 1. In essence, Plaintiffs seek to set aside the Judgment and Confirmation of Marshal's Sale issued by this Court in a prior mortgage foreclosure proceeding, *FirstBank Puerto Rico v. Carl Christopher a/k/a Asarkasaamsu Herishetapaheru and Chenzira D. Kahina (his wife)*, Case No. 2013-cv-0093. ("*Christopher I*").

In an "Affidavit"[2] attached to the Complaint (Dkt. No. 1-2) and other filings throughout this case, Plaintiffs have drafted labyrinthine documents, with the factual and legal bases of their claims hidden among lengthy assertions of their independent sovereignty, details of their royal status as decedents from African and Caribbean royalty, lessons about the crimes against humanity perpetuated in the colonization of the Caribbean islands, dissertations on their inalienable constitutional rights, and symbols appearing similar to Egyptian hieroglyphics. Buried among this intricate weaving of explanations, the Court has determined that Plaintiffs are apparently asserting that FirstBank engaged in fraudulent actions during *Christopher I* and/or in the transactions leading

---

[1] Plaintiffs' Original Complaint named Aurelio Aleman Bermudez and VICB as Defendants. At the time of all motions addressed herein, Defendant Bermudez had not been served with process. In addition, Defendant VICB had merged into FirstBank and no longer existed as a separate legal entity. (Dkt. Nos. 24-1 at 2 n.2; 37, 41) In filing their Amended Complaint, Plaintiffs named only FirstBank as Defendant.

[2] Neither this "affidavit" nor any others filed by Plaintiffs are sworn under penalty of perjury as provided in 28 U.S.C. § 1746.

to the underlying Notes and foreclosure and defamed them. *Id.* at 4, 14. In addition, Plaintiffs appear to be seeking to enforce an alleged consent/default judgment that they claim to have obtained against FirstBank via its acquiescence when FirstBank failed to respond to their "qualified written request" for information under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601 *et seq*. *Id.* at 7-9. The Affidavit accompanying the Complaint refers to the action as a "Mixed Natural Commerce Law Action." (Dkt. 1-2).

FirstBank filed a Motion for Summary Judgment challenging Plaintiffs' claims. (Dkt. Nos. 24, 26). Plaintiffs responded with several motions seeking to amend their "Mixed Action." (Dkt. Nos. 48, 51). The Magistrate Judge denied these Motions because Plaintiffs had failed to comply with LRCi 15.1—which requires a party seeking to file an amended pleading to "reproduce the entire pleading as amended specifically delineating the changes or additions." (Dkt. No. 56 at 2). The Magistrate Judge found that Plaintiffs' failure to comply with the Local Rule made it unclear exactly what amendments Plaintiffs were proposing to make to their pleadings. *Id.*

Several days after the Magistrate Judge's Order (Dkt. No. 56), Plaintiffs filed two additional Motions to Amend (Dkt. Nos. 58-59) and a multitude of memoranda in support of those Motions (Dkt. Nos. 67-72). Plaintiffs' Motions indicated in highlighted sections that they were seeking to "revise caption, clarify claim, include Temporary Injunction with Notice of Law Verification" (Dkt. No. 58 at 1) and "Required Amended Common Law Immediate Preliminary Injunction, pursuant to the Original Claimed Permanent Injunction against Void Judgment." (Dkt. No. 59 at 1). After reviewing both Motions and the Responses, the Magistrate Judge again denied the Motions due to Plaintiffs' failure to comply with LRCi 15.1 which rendered Plaintiffs' proposed amendments "unclear." (Dkt. No. 75 at 2).

Plaintiffs filed an Objection to the Magistrate Judge's Order. (Dkt. No. 76). In the Objection, Plaintiffs challenge the Magistrate Judge's authority to deny their Motion and request clarification of the basis for the ruling under the U.S. Constitution. Plaintiffs assert that neither the Federal Rules of Civil Procedure nor Local Rules apply to their case. They object to the Magistrate Judge's statement that Plaintiffs are required to comply with these rules—created by and made for lawyers and judges—in light of their "inherent, unalienable, natural law, and common law Rights." *Id.* at 1. They emphasize that they are pursuing a mixed action under common law and not pursuing a "Complaint." (Dkt. No. 76 at 1-2). Plaintiffs assert their constitutional right to a jury trial under the common law. *Id.*

Plaintiffs subsequently filed several other Motions to Amend with supplementary facts and exhibits attached. (Dkt. Nos. 77-79, 81).[3] Again, the Magistrate Judge found that Plaintiffs failed to comply with the Local Rules and, contrary to Plaintiffs' assertions, the Motions to Amend failed to add clarity and left their proposed amendments unclear. (Dkt. No. 83 at 2). Plaintiffs then filed two Notices of Objection to the Magistrate Judge's Orders (Dkt. No. 84-85), again emphasizing that they are seeking relief under the "Supreme Law of the Land" and arguing that legislated rules of civil procedure and local rules do not apply to their claims at common law. (Dkt. 84 at 1). They claim nothing in the U.S. Constitution provides that federal or local rules apply to individuals representing themselves in Court. *Id.* at 3. Plaintiffs also assert that the Court's Judges and personnel have mislabeled their pleadings over which they are the "proprietors" and reemphasize that the claims are based on common law. By labeling documents otherwise, Plaintiffs assert that

---

[3] The Magistrate Judge declined to Rule on the Motions filed under Docket Nos. 79 and 81, finding that Docket No. 79 requested injunctive relief which was outside the authority of the Magistrate Judge to consider, and Docket 81, entitled a motion, actually appeared to be a proposed order. (Dkt. No. 83, n.1).

FirstBank and the Court personnel were acting "to interfere, trespass, or assert proprietary control" over their claim which is protected by the Constitution's guarantee of a right to trial by jury. (Dkt. No. 85 at 1-2).

Plaintiffs filed additional "Motions to Amend" with several supplements. (Dkt. Nos. 86-88).[4] This time, Plaintiffs substantially complied with LRCi 15.1 by adding an exhibit—a copy of their original Affidavit marked with additions and deletions to reflect their Proposed Amended "Mixed Action Suit at Common Law." (Dkt. No. 86-3). FirstBank did not respond and the Magistrate Judge granted Plaintiffs' Motion to Amend. In his Order, however, the Magistrate Judge directed Plaintiffs to remove certain words from the title of the pleading; to use the ECF event "Amended Complaint" when docketing; and to use the same caption that was used in the Magistrate Judge's Order. (Dkt. No. 89 at 2).

Plaintiffs filed a Response to the Magistrate's Order again reiterating that their case is a suit at common law that is protected by the Seventh Amendment of the U.S. Constitution and is "not a Civil Complaint." (Dkt. No. 90 at 2). Plaintiffs insist that the Court Clerk and Magistrate Judge uphold their constitutional oaths and maintain Plaintiffs' suit at common law and "not wrongfully attempt to define or proceed with the Suit . . . as a standard Civil Complaint." *Id.* at 3-4. Attached to Plaintiffs' Response is their "Amended Mixed Action Suit at Common Law Claim" (Dkt. 90-1). This "Amended Mixed Action Suit" is being treated by the Court as Plaintiffs' controlling document defining their claims. The Court will, however, treat Plaintiffs' Response as a partial objection to the Magistrate Judge's directions for their Amended Pleading. Plaintiffs

---

[4] The Magistrate Judge found that only Document 86 was an actual "motion." (Dkt. No. 89 at 1 n.1).

thereafter filed two additional objections disputing efforts of Clerk's Office personnel and the Magistrate Judge to label their pleading as an Amended Complaint. (Dkt. Nos. 109-110).

## II. APPLICABLE LEGAL PRINCIPLES

In reviewing a pretrial matter on appeal from a Magistrate Judge, a District Court's review is limited to determining whether the Magistrate Judge's order "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A Magistrate Judge's finding of fact is "clearly erroneous when it 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *United States v. Flanders*, 2010 WL 3702512, at *2 (D.V.I. Sept. 15, 2010) (citation omitted). In addition, "'[a] magistrate's finding of law is contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Id*. "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Id. See also Equal Employment Opportunity Commission v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017).

Under the applicable rules, Plaintiffs must show that the Magistrate Judge's denials of their earlier Motions to Amend were contrary to the standards of Rule 15(a) of the Federal Rules of Civil Procedure. The Rule permits a party to amend its pleading only with the opposing party's written consent or with leave of court. Courts have broad discretion to decide motions to amend but should err in favor of allowing amendments to ensure that "'a particular claim will be decided on the merits rather than on technicalities.'" *Armstrong ex rel. United States v. Andover Subacute and Rehab Center Services One, Inc.*, 2019 WL 643578, at *2, n.35 (D.N.J. Feb. 14, 2019) (*quoting Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Under the Rule, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added).

A motion to amend under Rule 15 may be denied when "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (*quoting Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2).

The Local Rules of this Court require that a party seeking to amend a pleading, "must reproduce the entire pleading as amended *specifically delineating the changes or additions* . . ..: LRCi 15.1 (emphasis added). Failure to comply with Rule 15.1 is grounds for denying leave to amend a Complaint. *Codrington v. Arch Specialty Insurance Co. of Texas*, 2020 WL 4735344, at *1 (D.V.I. Aug.15, 2020); *see also Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 F. App'x 144, 147 (3d Cir. 2014) (holding that "fail[ure] to comply with D. Del. Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion . . . is an adequate basis for denying leave to amend").

### III. DISCUSSION

Despite their various Objections to the Magistrate Judge's Orders, it appears that the Magistrate's Order (Dkt. No. 89) granting Plaintiffs leave to file an Amended Complaint renders moot their prior Objections. Once they made the effort to comply with the Local Rules by appending a document reflecting their proposed changes, the Magistrate Judge granted their request for leave to amend. In any event, in light of Plaintiffs' Response to the Magistrate's Order granting their Motion (Dkt. No. 90) and subsequent pleadings in which they continue to challenge the applicability of the Federal and Local Rules of Civil Procedure to their action, the Court will address Plaintiffs' Objections.

In this case, Plaintiffs essentially claim that the Magistrate Judge misinterpreted or misapplied the law in denying their prior motions to amend by applying Local Rule 15.1 and the Federal Rules of Civil Procedure to their "common law" claims. Plaintiffs' view that there is a separate procedure for "common law" claims that exempts them from having to comply with the Federal Rules of Civil Procedure and the Court's Local Rules is without foundation. Plaintiffs have cited to no authority for such a proposition and the Court is unaware of any. Despite the liberality the courts must afford in construing *pro se* pleadings, *pro se* litigants "must still conform[] to the standard rules of civil procedure." *McNeil v. United States*, 508 U.S. 106, 113, (1993). "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.*;[5] *see also Farretta v. California*, 422 U.S. 806, 834 n. 46 (1995) (finding *pro se* status is not a license to disregard procedural rules or substantive law).

Except in very limited circumstances, the filing of amended pleadings requires either consent of the opposing party or the Court's permission. Fed. R. Civ. Proc. 15(a)(2). The Local Rules of this Court require the party seeking permission to amend a complaint to provide a copy of the proposed amendment with a clear showing of the changes, omissions and additions the party is seeking to make to the prior pleading. LRCi 15.1 ("any amendment to a pleading . . . must reproduce the entire pleading . . . specifically delineating the changes or additions").[6]

---

[5] Plaintiffs here are even less deserving of the Court's leniency given that this is not a case of mistake, but of abject defiance of the Magistrate Judge's Orders in the face of an unambiguous Local Rule.

[6] In this regard, Local Rule 15.1 is much like that of other district courts in the Third Circuit. *See* D. Del. LR 15.1(b) (proposed amended pleading "shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added"); D.N.J. LRCi 15.1(a)(2) (a motion to amend must include "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it

The purpose of these rules is to give the Court and all parties the opportunity to evaluate the proposed amended pleading and determine whether the proposed amendment is possibly subject to objections for insufficiency, prejudice, or futility. *Folkman v. Roster Fin. LLC*, 2005 WL 2000169, at *8 (D.N.J. Aug. 16, 2005). When a Motion to Amend is not filed with the required attachment reflecting revisions, the Court and opposing parties are hindered in evaluating the propriety of the proposed amendments. Thus, a motion can be denied solely for failing to provide the required "marked up" pleading. *Brooks-McCollum*, 563 F. App'x at 147; *Obuskovic v. Wood*, 2016 WL 6471023, at *1, n.2 (D.N.J. Oct. 31, 2016).

Plaintiffs have exercised their right to procced in this matter *pro se*. Simply by claiming sovereignty and refusing to call their pleading an "Amended Complaint" does not alter the reality that their action is governed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs are obligated to comply with these Rules. If they refuse to do so—which they did on multiple occasions notwithstanding the Magistrate Judge's rulings—they act at their peril.

In sum, in light of the fact that the Magistrate Judge granted Plaintiffs' Motion to Amend once they complied with the Local Rules, the Court finds that their Objections to the Magistrate Judge's prior Orders (Dkt. Nos. 76, 84, 85) denying their motions are now **MOOT**. Moreover, the Court finds that the Plaintiffs' subsequent Objections (Dkt. Nos. 109-110)—like the earlier objections—are wholly without merit and will be **DENIED**. Finally, Plaintiffs' Objection (Dkt.

---

proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added") M.D. Pa. LR 15.1(b)(2)(motion to amend must include "a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type").

No. 90) to the Magistrate Judge's Order granting their Motion to Amend with conditions (Dkt. No. 89), is also **DENIED** as groundless. Accordingly, the Magistrate Judge's rulings will be affirmed.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2020             _____/s/_____
                                                              WILMA A. LEWIS
                                                              Chief Judge