DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| I, MAN, ASARKASAAMSU RAASAR RA II ) <br> KARAPERNUNTU HERISHETAPAHERU ) <br> AS PROSECUTOR: FOR MAN f/k/a CARL F. ) <br> CHRISTOPHER AND FOR WOMAN ) <br> CHENZIRA KAHINA FAMILY, ) <br> ) <br> Plaintiffs, ) <br> ) Civil Action No. 2016-0057 <br> v. ) <br> ) <br> FIRSTBANK PUERTO RICO, ) <br> ) <br> Defendant. ) <br> ) | |

**Appearances:**
**Asarkasaamsu Herishetapaheru,** *Pro Se*
**Chenzira D. Kahina,** *Pro Se*
St. Croix, U.S.V.I.

**Warren B. Cole, Esq.,**
**Elise Catera, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for New Trial FRCP Rule 59(a)" (Dkt. No. 142)[1] filed by Plaintiffs Asarkasaamsu Herishetapaheru and Chenzira D. Kahina ("Plaintiffs"). In their Motion, Plaintiffs request a new trial in response to this Court's Memorandum Opinion and Order entered on December 7, 2020 (Dkt. Nos. 134, 135) granting

---

[1] Plaintiffs' request for relief was originally filed in a prior motion (Dkt. No. 140). Plaintiffs requested that the instant Motion be substituted for the original filing to correct various typographical and other errors contained in the original motion. (Dkt. No. 141). Accordingly, the original motion was terminated. (Dkt. No. 147).

Defendant FirstBank Puerto Rico's ("FirstBank") Motion for Summary Judgment and denying Plaintiffs' two filings titled "Motion for Relief from Judgement for Fraud on the Court" (Dkt. Nos. 115, 117) and other motions. The issues raised in those motions largely related to a prior mortgage foreclosure proceeding in this Court, *FirstBank Puerto Rico v. Carl Christopher a/k/a Asarkasaamsu Herishetapaheru and Chenzira D. Kahina (his wife)*, Case No. 1:2013-cv-0093. ("*Christopher I*").

For the reasons discussed below, the Court will deny Plaintiffs' Motion for New Trial (Dkt. No. 142).

## I.   BACKGROUND

The parties are familiar with the facts of this case, which the Court detailed at length in its Memorandum Opinion entered on December 7, 2020. (Dkt. No. 135) In summary, Plaintiffs filed the instant action on August 17, 2016 pursuant to Fed. R. Civ. P. 60(d)(1) and (3) as an independent action seeking to set aside the Judgment entered by the Court in favor of FirstBank in *Christopher I*. (Dkt. No. 135 at 2-3). Plaintiffs also reasserted claims—which they asserted in *Christopher I* pre- and post-judgment filings—against FirstBank under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq*. ("RESPA"). *Id.* at 14-18.

After the present action was initiated, a number of motions were filed over a four-year period. These motions included: FirstBank's two Motions for Summary Judgment (Dkt. Nos. 24, 105); Plaintiffs' multitude of motions to Amend their Pleadings (Dkt. Nos. 44-46, 48, 51, 58, 59, 61-72, 77-79, 81, 86-88, 106, 114); Plaintiffs' various Objections to Magistrate Judge Orders (Dkt. Nos. 76, 84-85, 90, 109-110); Plaintiffs' Motions to Set Aside the Judgment in *Christopher I* as being procured by fraud (Dkt. Nos. 115, 117); and Plaintiffs' Motion to disqualify FirstBank's counsel. (Dkt. No. 126). This Court overruled Plaintiffs' Objections to the Magistrate Judge's

Orders (Dkt. No. 130) and then issued an Order and detailed Memorandum Opinion addressing all of the issues raised in the remaining motions. (Dkt. No. 134-135).

Since that time, FirstBank has filed a Motion for Attorneys' Fees and Costs and a Supplement to that Motion (Dkt. Nos. 136-137) and Plaintiffs filed the instant Motion for New Trial. (Dkt. No. 142).

## II. APPLICABLE LEGAL PRINCIPLES

Plaintiffs' Motion, which seeks relief from the Court's December 7, 2020 Order based on Fed. R. Civ. P. 59(a), reasserts their claimed "inviolate" right to a trial by jury. (Dkt. No. 142-1 at 1).[2] Rule 59(a), however, is not the proper vehicle to claim the relief Plaintiffs seek because this case was not resolved by a jury or bench trial, but rather on a Motion for Summary Judgment. (Dkt. No. 135 at 9-24). Because *pro se* litigants are "held to 'less stringent standards' than trained counsel," *Benckini v. Hawk*, 654 F. Supp. 2d 310, 316 n.1 (E.D. Pa. 2009) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court will consider the Motion under Fed. R. Civ. P. 59(e), Local Rule of Civil Procedure 7.3, and Fed. R. Civ. P. 60(b).

### A. Relief under Rule 59(e)

Fed. R. Civ. Proc 59(e) allows a dissatisfied party to file a motion to alter or amend a judgment "no later" than 28 days after the entry of the judgment. A district court does not have the authority to alter or amend a judgment under Rule 59(e) after the 28-day time period expires. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (time for filing a Rule 59(e) motion is 28 days

---

[2] This Court previously rejected Plaintiffs' claims that they had an absolute, unfettered right to a jury trial. (Dkt. No. 135 at 8-9). As discussed in this Court's prior Memorandum Opinion, the United States Supreme Court has confirmed that summary judgment is not a "disfavored procedural shortcut, but rather [is] as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

from the entry of judgment, with no possibility of an extension); *Moton v. Wetzel*, 833 F. App'x 927, 930 (3d Cir. 2020) (district court lacked authority to address untimely Rule 59(e) motion).

In this case, neither the original nor the "corrected" Motions filed by Plaintiffs were timely under Rule 59. Plaintiffs' original Motion for New Trial was filed on January 6, 2021, 30 days after the entry of the Court's Judgment. (Dkt. No. 140). The "corrected" Motion for New Trial was filed on January 7, 2021, 31 days after the Court's Judgment was filed. Because Plaintiffs' Motions were filed more than 28 days after the entry of Judgment, this Court has no authority to address the same under Rule 59.

  **B.**  **Relief Under Local Rule 7.3**

Local Rule 7.3 permits a party to file a Motion for Reconsideration of any order or decision. Under that rule, a Motion for Reconsideration must be filed within 14 days of entry of the order or decision unless the time is extended for good cause shown. Because the instant Motion was not filed within 14 days of the Court's December 7, 2020 Order and no good cause has been shown for the untimely filing, LRCi 7.3 cannot be used as the vehicle for consideration of Plaintiff's Motion.

  **C.**  **Relief Under Rule 60(b)**

When a motion to alter or amend a judgment is untimely under Rule 59(e), the Third Circuit has directed district courts to construe the motion as one brought under Rule 60(b). *Moton*, 833 F. App'x at 930 (citing *Walker v. Astrue*, 593 F.3d 274, 279 (3d Cir. 2010)). A motion pursuant to Rule 60(b) "allows a party to seek relief from a final judgment . . . under a limited set of circumstances including fraud, mistake, and newly discovered evidence" or "any other reason that justifies relief." *United States v. Mishra*, 784 F. App'x 53, 53 (3d Cir. 2019). However, Rule 60(b) motions are narrowly construed, and the moving party must show "extraordinary circumstances"

4

justifying the reopening of a final judgment. *Rogers v. Director Internal Revenue Bureau*, 2019 WL 1772431, at *2 (D.V.I. April 23, 2019) (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)). Extraordinary circumstances do not exist "when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds*, 536 F.3d at 255.

The general purpose of Rule 60 is to balance the "conflicting principles that litigation must be brought to an end and that justice must be done." *Ross v. Meyer*, 741 F. App'x 56, 61 (3d Cir. 2018). The decision to grant or deny relief under Rule 60(b) is guided by accepted legal principles applied in light of all relevant circumstances. *Kilkeary v. United States Government*, 2018 WL 6003543, at *1 (D.N.J. Nov. 15, 2018). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more does not warrant relief under that provision." *Jaye v. Oak Knoll Village Condo. Ass'n, Inc.*, 782 F. App'x 197, 200 (3d Cir. 2019) (citations omitted).

### III. DISCUSSION

Because Plaintiffs' Motion is untimely under Rule 59(e) and LRCi 7.3, the Court will consider the motion under Rule 60(b) standards. The relief which Plaintiffs seeks, at best, would fall under either subsection (b)(1)—mistake, inadvertence, surprise, or excusable neglect—or under subsection (b)(6)'s catchall for "any other reason that justifies relief." Plaintiffs' arguments for relief are essentially two-fold: (1) the Judgment should be set aside because Plaintiffs were unable to conduct discovery on their claims; and (2) the Judgment should be set aside because the Court erred in its legal analysis on the merits of their claims.

#### A. Lack of Discovery

As noted above, Plaintiffs brought this action under Rule 60(d)(1) and (3) as an independent action seeking to reverse the Judgment entered in *Christopher I* due to alleged "fraud on the court." Fed. R. Civ. P. 60(d)(3). Plaintiffs now contend that the Court's recent ruling—

5

denying Plaintiffs' request to set aside the *Christopher I* Judgment—should be set aside because they had not conducted discovery in the current case. (Dkt. Nos. 142 at 2-5; 142-1 at 15-18). This argument is unavailing.

A request for post-judgment discovery "involves considerations not present in pursuing discovery in a pending action prior to a judgment." These considerations include "the public interest of the judiciary in protecting the finality of judgments" and must therefore be evaluated more strictly than a request for pretrial discovery. *Rusk v. New York State Thruway Auth.*, 2021 WL 230917, at *4 (W.D.N.Y. Jan. 22, 2021) (*citing H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir. 1976)). Courts addressing this issue have found that with a motion under Rule 60(b) or an independent action brought under Rule 60(d) to challenge a prior judgment, the party is not entitled to post-judgment discovery for matters that it could have obtained during pretrial discovery. *Rusk*, 2021 WL 230917, at *4. *See also H.K. Porter*, 536 F.2d at 1118 ("[The movant] is plainly not entitled to discovery of documents it did not request in pretrial discovery."); *Signtech USA, Ltd. v. Vutek, Inc.*, 1999 WL 33290625, at *3 (W.D. Tex. Aug. 9, 1999) ("[T]he parties should not be given the opportunity to reopen discovery for the purpose of discovering information which could have been gained before trial.").

As noted in Defendants' Opposition, Plaintiffs had ample opportunity and did, in fact, request discovery regarding FirstBank's standing and related issues in *Christopher I*. (Dkt. No. 143 at 5). In *Christopher I*, FirstBank made Rule 26 Disclosures and Supplemental Disclosures and Plaintiffs served written interrogatories and document requests to which FirstBank filed responses. (*Christopher I*, Dkt. Nos. 14, 42, 52, 53). Further, Plaintiffs filed motions seeking to enforce its RESPA claims both before and after Judgment was entered in *Christopher I*. These

motions reflect that Plaintiffs believed that the record was sufficient to move for judgment. *Id.* at Dkt. Nos. 75, 80, 85.

Despite a plethora of filings in the instant action, the Court cannot find a single filing reflecting any effort by Plaintiffs to either request a discovery planning conference or to serve discovery on FirstBank in the present matter. And rightly so because, as discussed above, Plaintiffs were not entitled to additional discovery in this Rule 60(d)(1) action under the circumstances.

In sum, Plaintiffs had ample opportunity for discovery—and in fact conducted discovery—in *Christopher I.* Based upon the nature of their claims in the instant Rule 60(d) proceeding—which simply rehash the arguments they made in the numerous filings in *Christopher I*—they were not entitled to additional discovery. Thus, Plaintiffs have failed to establish that they are entitled to relief from the Court's December 20, 2020 Order under Rule 60(b) as they have not shown that the Order was erroneous due to fraud or mistake, that there is newly discovered evidence affecting that ruling, or that there is "any other reason that justifies relief." Accordingly, the Court will deny Plaintiffs' request for relief based on their argument that they did not obtain discovery.

**B.     Relitigating the Underlying Issues**

The second portion of Plaintiffs' Motion seeks to reargue the issues already decided in the Court's December 7, 2020 Memorandum Opinion and in the Orders issued in *Christopher I*. Plaintiffs reassert their claims that FirstBank: (1) lacked standing (Dkt. No. 142-1 at 5-7); (2) acquiesced to a judgment or was estopped from challenging Plaintiffs' RESPA claim (*Id.* at 7-10); (3) defamed Plaintiffs during the course of the litigation (*Id.* at 11-12); and (4) denied Plaintiffs their "inviolate" right to a jury trial. (*Id.* at 12-15). The Court addressed all of these issues in its December 7, 2020 Memorandum Opinion. (Dkt. No. 135).

Rule 60(d)(1) permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Although several courts of appeal have acknowledged that an independent action under Rule 60(d)(1) may be an appropriate vehicle for reviewing a post-judgment challenge, Rule 60(d) is available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998) (allegations that opposing party failed to thoroughly search its records and make full disclosure" is not sufficient to establish grave miscarriage of justice); *see also Jackson v. Ivens*, 2019 WL 4604027, at *3 (D. Del. Sept. 23, 2019) (allegations of nondisclosure of discovery insufficient to support action under Rule 60(d)(1) or (d)(3)). Independent actions under Rule 60(d) are reserved for those cases of injustice which, under the actual circumstances, are "'deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Juday v. Merck & Co., Inc.*, 2019 WL 3066392, at *3 (E.D. Pa. July 12, 2019) (*quoting Beggerly*, 524 U.S. at 46).

Upon review of the instant motion, Plaintiffs raise no new issues other than their claim regarding discovery rejected above. The motion simply reasserts the same arguments made in Plaintiffs' prejudgment filings. This is not a proper use of Rule 60(b). *Mandalapu v. Temple University Hospital, Inc.*, 796 F. App'x 152, 153 (3d Cir. 2020) (*citing United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)) (revisiting of the same arguments rejected in the prior proceeding is improper use of Rule 60.). Accordingly, Plaintiffs' arguments in this regard do not aid their cause.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' "Motion for New Trial FRCP Rule 59(a)" (Dkt. No. 142) will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: May 7, 2021                    _____/s/_____
                                     WILMA A. LEWIS
                                     District Judge