DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **I, a sovereign man Asarkasaamsu Raasar Ra II Karapernuntu Herishetapaheru as the Sovereign Prosecutor: for a Private Prosecutor Witness Living Man, f/k/a Carl F: of the Christopher Family and for a Private Prosecutor Living Woman Chenzira D: of the Kahina Family,** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | **Civil Action No. 2016-0057** |
| **FIRSTBANK PUERTO RICO,** | )<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

**Appearances:**
**Asarkasaamsu Herishetapaheru,** *Pro Se*
**Chenzira D. Kahina,** *Pro Se*

**Warren B. Cole, Esq.,**
**Elise Catera, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiffs*

**MEMORANDUM OPINION AND ORDER**

**Lewis, District Judge**

  THIS MATTER comes before the Court on the "Motion of FirstBank Puerto Rico for Costs and Attorney's Fees" ("Motion for Attorneys' Fees") (Dkt. No. 136) filed by Defendant FirstBank Puerto Rico ("FirstBank"). FirstBank also filed a supplement to its Motion for Attorneys' Fees, including a Declaration of Counsel and a detailed accounting of the time expended by the attorneys on this matter. (Dkt. No. 137). Plaintiffs Asarkasaamsu Herishetapaheru and Chenzira D. Kahina

("Plaintiffs") filed several responses to the Motion for Attorneys' Fees. (Dkt. Nos. 139; 161; 164; 165). Plaintiffs also recently filed a "Motion for Entry of Default." (Dkt. Nos. 167; 169).

For the reasons set forth below, the Court will grant FirstBank's Motion for Attorneys' Fees in part (Dkt. No. 137) and deny Plaintiffs' Motion for Entry of Default (Dkt. Nos. 167; 169).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The history of this litigation was explained, in great detail, in the Memorandum Opinions accompanying this Court's Order granting summary judgment to FirstBank entered on December 7, 2020 (Dkt. Nos. 134, 135) and its Order denying Plaintiffs' subsequent Motion for New Trial entered on May 7, 2021 (Dkt. Nos. 148, 149). Only a brief summary will be provided here.

Plaintiffs filed this action against FirstBank after FirstBank—in another action—had successfully foreclosed on its mortgage lien on Plaintiffs' residence; sold the property through a Marshal's Sale; and obtained a deficiency judgment. *FirstBank Puerto Rico v. Carl Christopher a/k/a Asarkasaamsu Herishetapaheru and Chenzira D. Kahina (his wife)*, Case No. 1:2013-cv-0093. ("*Christopher I*"). In this action, Plaintiffs sought to set aside the judgment in *Christopher I* based upon allegations that FirstBank committed fraud on the Court. Plaintiffs also requested damages for alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"), defamation and fraud. *Asarkasaamsu v. FirstBank Puerto Rico*, No. 1:2016-cv-057, 2020 WL 7232318, at *2 (D.V.I. Dec. 7, 2020). After a review of the record and the various arguments of the parties, the Court granted summary judgment to FirstBank on all claims and denied Plaintiffs' Motion for Relief from Judgment. *Id.* at 4-12.

FirstBank filed the instant Motion for Attorneys' Fees and Costs and a Supplement to that Motion under Rule 54(d) and 5 V.I.C. § 541. (Dkt. Nos. 136; 137). Plaintiffs' subsequent Motion

2

for New Trial (Dkt. No. 142) was denied by the Court in an Order entered on May 7, 2021. (Dkt. Nos. 148; 149). *Asarkasaamsu v. FirstBank Puerto Rico*, No. 1:2016-cv-057, 2021 WL 1842707, *3-4 (D.V.I. May 7, 2021).

Thereafter, Plaintiffs filed several responses to FirstBank's Motion for Attorneys' Fees. (Dkt. Nos. 153; 160; 161; 164; 165). Plaintiffs have also filed a "Motion for Entry of Default" contending that the Court's Order granting summary judgment was void for lack of jurisdiction and seeking default because of FirstBank's alleged failure to timely answer Plaintiffs' First Amended Complaint. (Dkt. Nos. 167; 169).

## II. APPLICABLE LEGAL PRINCIPLES

### A. Entry of Default

Plaintiffs have filed a Motion for Entry of Default against FirstBank. (Dkt. Nos. 167; 169). Plaintiffs' Motion appears to assert that they served their First Amended Complaint on FirstBank in December 2017 and that FirstBank failed to file an Answer to that Complaint after they made service. They further argue that First Bank's subsequent Motion for Summary Judgment did not constitute a proper responsive pleading. (Dkt. No. 167 at 5-10).

Under FED. R. CIV. P. 55(a), a default must be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." The party seeking an entry of default must show by affidavit or other competent evidence that the court has subject matter jurisdiction over the matter; that the pleading was properly served on the opposing party; and that the party has failed to respond or otherwise defend. *Laufer v. Aark Hospitality Holding, LLC*, Civ. No. 20-5648, 2021 WL 6062269, at *3 (D.N.J. Dec. 22, 2021).

### B. Attorneys' Fees and Costs

Title 5 of the Virgin Islands Code, Section 541 governs the award of attorneys' fees in civil cases in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed *to the prevailing party* in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto." 5 V.I.C. § 541(b) (emphasis added).

In determining who constitutes a "prevailing party" under Section 541, the Virgin Islands Supreme Court has applied a liberal construction. *DaCosta v. DaCosta*, 74 V.I. 640, ¶ 14 (V.I. 2021). In making this determination, the Supreme Court acknowledged that the Legislature enacted Section 541 with the clear intent of abrogating the "American Rule" generally governing the award of attorneys' fees. *Id.* (citing *Hansen v. Bryan*, 68 V.I. 603, 613 (V.I. 2018)). The public policy behind the Legislature's choice to abolish the "American Rule" was based on the view that "a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *DaCosta*, 2021 V.I. 11, ¶ 15 (citing *Int'l Leasing & Rental Corp. v. Gann*, Civ. No. 08-40, 2010 WL 1284464, at *1 (D.V.I. Mar. 23, 2010)). A "prevailing party" need not obtain a "complete victory . . . on all issues" in order to qualify for an award of costs, including attorneys' fees, under Section 541. *DaCosta* 2021 V.I. 11, ¶¶ 11, 15.

The Supreme Court of the Virgin Islands recently held that in determining appropriate attorneys' fees under Section 541(b), the court's discretion to award attorneys' fees is governed by the rules outlined by the United States Supreme Court in *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010), *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546

(1986), *Blum v. Stenson*, 465 U.S. 886 (1984), and related decisions. *See Mahabir v. Heirs of George*, 2021 V.I. 22, ¶ 5, 2021 WL 6100552, at *2 (V.I. Dec. 22, 2021). Accordingly, central to the determination of a prevailing party's reasonable attorneys' fees is the lodestar calculation. *Id.* To determine a fair and reasonable award of attorneys' fees, the Court must "calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at *3. The reasonable hourly rate is determined based on prevailing market rates in the relevant community, taking into account the hourly rate of attorneys with reasonably comparable skill, experience and reputation. *Id. See also Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Vitalis v. Sun Constructors, Inc.*, No. 1:2005-cv-0101, 2021 WL 3272198, at *3 (D.V.I. July 30, 2021) (applying the two-step "lodestar" analysis).

### III.   DISCUSSION

**A.   Motion for Entry of Default**

Plaintiffs' original Complaint was filed on August 17, 2016 and FirstBank filed a timely Answer, through counsel, on September 13, 2016. (Dkt. Nos. 1; 7). Plaintiff Herishetapaheru was granted Permission to Use Electronic Case Filing early in the proceeding. (Dkt. Nos. 6; 8). Thereafter, Plaintiffs repeatedly sought leave to amend their Complaint, but many of those requests were denied. *See, e.g.,* (Dkt. Nos. 44; 48; 51; 56; 58; 75; 77; 83). Finally, Magistrate Judge Cannon granted Plaintiffs' Motion for leave to file an Amended Complaint in an Order entered on October 24, 2017. (Dkt. No. 89). Plaintiff's "Amended Mixed Action Suit at Common Law Claim" was filed through CM/ECF on November 1, 2017. (Dkt. No. 90-1). FirstBank filed an Answer to the Amended Complaint on November 7, 2017. (Dkt. No. 93). Notwithstanding FirstBank's timely

5

Answer, Plaintiffs thereafter requested and received a summons directed at FirstBank on December 8, 2017, for which they filed a return on December 29, 2017. (Dkt. Nos. 96; 99).

Plaintiffs now claim that FirstBank is in default because it failed to answer or otherwise respond to the Amended Complaint after it was formally served on FirstBank together with a summons. (Dkt. Nos. 167; 169). Under Rule 12, the time for serving an answer is within 21 days after being served with a summons and Complaint, "[u]nless another time is specified by this rule or by federal statute." FED. R. CIV. P. 12(a)(1)(A)(i). However, when a party is granted leave to file an amended complaint, service of the amended complaint on a defendant already a party in the action is made under Rules 5 and 15. Under Rule 5, "a pleading filed after the original complaint . . ." must be served on every party. FED. R. CIV. P. 5(a)(1)(B). If a party is represented by an attorney, service of such a pleading is made by serving that party's attorney. FED. R. CIV. P. 5(b)(1). Service is made by sending the pleading to a registered user by filing it with the court's electronic filing system. FED. R. CIV. P. 5(b)(2)(E). A response to an amended pleading under Rule 15 must be made "within 14 days of service of the amended pleading." FED. R. CIV. P. 15(a)(3).

Under the applicable Rules, Plaintiffs served their "Amended Mixed Action Suit at Common Law Claim" on FirstBank's counsel by filing it through CM/ECF on November 1, 2017, and FirstBank filed an Answer to the Amended Complaint on November 7, 2017—well within the 14 days required by Rule 15(a)(3). (Dkt. Nos. 90-1; 93). *See* LRCi 5.4(b)(3) (providing that registration as a filing user on CM/ECF "constitutes consent to electronic service of all documents as provided in these Rules[.]"); *see also Kennedy Funding, Inc. v. Oracle Business Developments, LLC*, 3:2012-cv-009, 2016 WL 447843, at *8 (D.V.I. Feb. 4, 2016) (service on counsel through CM/ECF of Motion for Default and Summary Judgment sufficient).

While Plaintiffs attempted to make service of their amended pleadings under Rule 4 by delivering a new summons with the "Amended Mixed Action Suit at Common Law Claim," such service did not require FirstBank to file *another* Answer to a pleading to which they had already responded. (Dkt. No. 93). Because Plaintiffs cannot establish that FirstBank failed to timely answer or otherwise defend when their amended pleading was filed, their Motion for Entry of Default will be denied.

B.     **Motion for Attorneys' Fees and Costs**

In its Motion for Attorneys' Fees and Costs, FirstBank seeks $16,188.50 in attorneys' fees billed at the rate of $325.00 per hour for Attorney Warren Cole's work and $250.00 per hour for Attorney Elise Catera's work. (Dkt. No. 137 at 1). "[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Perdue*, 559 U.S. at 552. Considering the prevailing rates in the Virgin Islands for attorneys handling civil litigation, the Court finds that the hourly rates requested by Attorney Cole and Attorney Catera are reasonable based upon their recognized level of experience.[1]

Having determined a reasonable hourly rate, the Court must then determine whether the number of hours billed were "reasonably expended." *Vitalis*, 2021 WL3272198 at *4. In doing so,

---

[1] The hourly rates for experienced attorneys and less experience associates is well-established in the Virgin Islands. *See, e.g., Vitalis v. Sun Constructors, Inc.*, 2021 WL 3272198, at *3 (allowing attorneys' fees at the rate of $350 per hour for senior counsel and $300 for experienced associates); *Roy v. Poleson*, ST-13-cv-525, 2018 WL 6721399, at *2 (V.I. Super. Dec. 14, 2018) (allowing $350 per hour to senior attorneys and $275 for associates in complex civil action); *Freund v. Liburd*, No. ST-11-cv-730, 2017 WL 11596465, at *3 (V.I. Super. Dec. 20, 2017) (allowing $340 to $350 per hour for senior partners in complex contract, foreclosure and contribution case); *WDC Miami Inc. v. NR Electrical, Inc.*, No. 1:2013-cv-048, 2015 WL 127852, at *4 (D.V.I. Jan. 8, 2015) (awarding $300 per hour rate for experienced attorneys).

the Court may exclude any time billed that is found to be "excessive, redundant, or otherwise unnecessary." *Phillips v. FirstBank Puerto Rico*, No. 1:2013-cv-0105, 2018 WL 1789546, at *3 (D.V.I. April 12, 2019). FirstBank's submissions reflect that Attorney Cole spent 44.4 hours and Attorney Catera spent 6.8 hours on this matter. At $325.00 and $250.00 per hour respectively, the total amounts to $16,130.00 in attorneys' fees. (Dkt. No. 137-2).[2] A review and comparison of counsel's billing records and the Court's docket reflects that the time expended by Attorneys Cole and Catera were reasonable in light of Plaintiffs' multitude of written motions and other filings.[3]

Plaintiffs challenge FirstBank's Motion apparently asserting that: (1) they have no contract with FirstBank's attorneys to entitle them to attorneys' fees; and (2) the summary judgment and other Orders of this Court are void because of FirstBank's default and, therefore, FirstBank is not entitled to attorneys' fees and costs. (Dkt. Nos. 164 at 2-15; 165 at 2-11). The Court rejects Plaintiffs' arguments. First, Virgin Islands law permits the prevailing party in a civil action, except claims for personal injury, to recover their costs from the losing party, including reasonable attorneys' fees. *See* 5 V.I.C. § 541. Thus, Plaintiffs' liability for attorneys' fees is based on statute, not on contract law.

Second, FirstBank is the prevailing party in this action. The Court granted FirstBank's Motion for Summary Judgment and denied Plaintiffs' Motion to Vacate the *Christopher I* Judgment, addressing each of Plaintiffs' arguments in detail. (Dkt. Nos. 133; 134) Plaintiffs then filed Motions for New Trial (Dkt. Nos. 140-142) challenging the Court's Summary Judgment

---

[2] As noted above, Defendant requested attorneys' fees in the amount of $16,188.50. The Court's lodestar calculation based on Defendant's submission is $16,130.00.

[3] An analysis of other costs and expenses is unnecessary because only attorneys' fees are requested.

8

Order. Again, this Court rejected Plaintiffs' arguments and denied the Motions for New Trial. (Dkt. Nos. 148; 149). Plaintiffs have had every opportunity to appeal this Court's rulings on the merits of their claims and have not done so. Their continued objections to the Court's Orders are insufficient to undermine FirstBank's status as the prevailing party and its corresponding entitlement to the recovery of reasonable attorneys' fees.

For the foregoing reasons, FirstBank's Motion for Attorney's Fees and Costs (Dkt. No. 136; 137) will be granted and FirstBank will be awarded $16,130.00 in attorneys' fees and costs against Plaintiffs.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiffs' "Motion for Entry of Default" (Dkt. Nos. 167; 169) is **DENIED**; and it is further

**ORDERED** that the "Motion of FirstBank Puerto Rico for Costs and Attorney's Fees" (Dkt. No. 136) as supported in FirstBank's "Supplement to Motion for Award of Attorney's Fees" (Dkt. No. 137) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that FirstBank is **AWARDED** attorneys' fees in the amount of $16,130.00 to be assessed against Plaintiffs Asarkasaamsu Herishetapaheru and Chenzira D. Kahina, jointly and severally.

**SO ORDERED.**

Date: March 31, 2022

_____/s/_____
WILMA A. LEWIS
District Judge