DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| I, a sovereign man Asarkasaamsu Raasar Ra II Karapernuntu Herishetapaheru as the Sovereign Prosecutor: for a Private Prosecutor Witness Living Man, f/k/a Carl F: of the Christopher Family and for a Private Prosecutor Living Woman Chenzira D: of the Kahina Family, )<br>)<br>)<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** )<br>) | **Civil Action No. 2016-0057** |
| v. )<br>) | |
| **FIRSTBANK PUERTO RICO,** )<br>) | |
| **Defendant.** )<br>) | |

**Appearances:**
**Asarkasaamsu Herishetapaheru,** *Pro Se*
**Chenzira D. Kahina,** *Pro Se*

**Warren B. Cole, Esq.,**
**Elise Catera, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs*

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*, as a result of the numerous filings in this civil case filed *pro se* by Asarkasaamsu Raasar Ra II Karapernuntu Herishetapaheru ("Herishetapaheru") and Chenzira D. Kahina ("Kahina") (collectively, "Plaintiffs"). Due to what the Court perceives as a continuous abuse of the judicial process by Plaintiffs, manifested by a barrage of filings which the Court has variously found to be inapt, meritless, unintelligible, and rambling, the Court will require Plaintiffs to show cause why a filing injunction should not issue where Plaintiffs must first request permission from the Court before filing any further documents in, or related, to this case.

A District Court

> may enjoin a *pro se* litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case.

*Day v. Toner,* 549 F. App'x 66, 67 (3d Cir. 2014) (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). Should such an injunction be imposed, a violation of its terms may expose the person(s) against whom it is issued to civil contempt. *Danihel v. Office of President,* 640 F. App'x 185, 188 (3d Cir. 2016).

The procedural history of this case and its predecessor, *FirstBank Puerto Rico v. Carl Christopher a/k/a Asarkasaamsu Herishetapaheru and Chenzira D. Kahina (his wife)*, Case No. 1:2013-cv-0093 (Dkt. No. 212) ("*Christopher I*"), provides the grounds for this Order to Show Cause. In *Christopher I*, FirstBank filed a debt and foreclosure action against current Plaintiffs Herishetapaheru and Kahina due to their default on payments on an outstanding Note and Mortgage for their residence on St. Croix. The Court entered Judgment in favor of FirstBank on February 27, 2015. (Case No. 2013-cv-0093, Dkt. Nos. 84-85).

After Judgment was entered in *Christopher I*, the current Plaintiffs filed numerous meritless post-judgment motions in that matter challenging the granting of summary judgment, the issuance of the Writ of Execution, the Confirmation of the Marshal's Sale, the Writ of Assistance and FirstBank's Motion for Deficiency Judgment. (Case No. 2013-cv-0093, Dkt. Nos. 97; 98; 99; 104; 111-113; 122; 129; 137; 149; 156; 164; 177). The current Plaintiffs also filed a flood of additional motions, notices and other filings, including claims asserting that FirstBank violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq*. ("RESPA") (Case No. 2013-cv-0093, Dkt. Nos. 105; 115-117; 121; 123; 125; 130; 138-139; 142; 149). Ultimately, this Court

2

issued an Order to Show Cause to the current Plaintiffs, detailing the abusive filings and directing them to show cause why an injunction should not issue requiring them to first request and obtain permission from the Court before filing any further documents in that matter. The Court's Order to Show Cause, entered on January 5, 2017, is attached hereto and incorporated herein by reference. (Case No. 2013-cv-0093, Dkt. No. 212). Ultimately, the Court did not enter the injunction because the current Plaintiffs ceased their prolific filings in *Christopher I*. The *Christopher I* Judgment was never appealed, nor were any of the Court's post-judgment Orders.

On August 17, 2016, Plaintiffs filed this action against FirstBank seeking to vacate the judgment filed in *Christopher I* and asserting claims under RESPA. (Dkt. No. 1). Plaintiffs later amended their pleading to add claims for fraud and defamation. (Dkt. No. 90-1). Plaintiffs' penchant for filing a barrage of confusing, duplicative and baseless filings was then transferred to this action. Plaintiffs filed duplicative, supplemental and "corrected" motions and pleadings throughout the case. (Dkt. Nos. 10; 11; 14; 23; 28; 38; 45-46; 51; 58-59 61-72; 82; 122-124; 163-165). They repeatedly appealed the Magistrate Judge's Orders when their motions were denied for failure to comply with the Local Rules or when the Magistrate Judge ordered them to conform their pleadings to the Local Rules. (Dkt. Nos. 76; 84; 85; 109; 110).[1] They also filed numerous baseless "responses" and objections to the Court's Orders, either seeking clarification or challenging the Orders as incorrect. (Dkt. Nos. 132; 133; 140-142; 144-146).

On December 7, 2020, this Court entered an Order and accompanying Memorandum Opinion granting FirstBank's Motion for Summary Judgment; denying several Motions to Amend

---

[1] Plaintiffs repeatedly asserted that they are "natural citizens" and that various provisions of the Federal Rules of Civil Procedure and the Local Rules of this Court do not apply to them or their claims. *See, e.g.,* (Dkt. Nos. 1-2; 57; 132; 154).

3

filed by Plaintiffs; denying Plaintiffs' Motion to Set Aside the *Christopher I* judgment; and denying Plaintiffs' Motion to Disqualify FirstBank's counsel. (Dkt. Nos. 134, 135). Plaintiffs responded with Motions for New Trial (Dkt. Nos. 140-142) which also were denied by the Court. (Dkt. Nos. 148; 149). Plaintiffs then filed motions for additional time to file a "response" to the Court's Order, and continued thereafter to file such "responses," challenging the Court's Order pertaining to the briefing of FirstBank's Motion for Attorneys' Fees as "void". (Dkt. Nos. 159-1 at 5; 161 at 6; 163 at 1, 9, 11; 165 at 9-10). Then, Plaintiffs filed a Motion for Entry of Default against FirstBank and its "void claim as the prevailing party in a void summary judgment," apparently asserting that FirstBank had failed to timely respond to their First Amended Complaint. (Dkt. No. 166 at 1). The Court entered an Order on the pending Motions on March 31, 2022, which should have concluded the case. (Dkt. No. 171).

Nonetheless, six days later—on April 6, 2022—Plaintiffs filed with the Court a document entitled "Judicial Notice to Court that Claimants-Plaintiffs Privately Object and as Man and Woman, do not Consent to Judge's Void Order and Require Clerk of the Court to Verify the Defendant and Judge's Responses are complying to Claimant-Plaintiffs Amended Complaint-Claim." (Dkt. No. 173). Needless to say, the pattern of abuse of the judicial process continues.

In view of the foregoing, the Court will require Plaintiffs to show cause why a filing injunction against them should not issue, where Plaintiffs would be prohibited from filing—without prior Court permission—(1) any additional documents in *Christopher I*, Case No. 1:2013-cv-0093; (2) any additional documents in the instant action, *Herishetapaheru, et al. v. FirstBank Puerto Rico*, Case No. 1:2016-cv-0057; and (3) any new action against FirstBank, its officers or agents that involves the foreclosure proceedings in *Christopher I* or the RESPA and other claims that were asserted or could have been asserted in the instant matter.

4

Accordingly, it is hereby

**ORDERED** that Plaintiffs shall have up to and including **April 22, 2022** within which to show cause why a filing injunction should not issue, which would require Plaintiffs to seek the Court's permission before (1) filing any additional documents in *Christopher I,* 1:2013-cv-0093; (2) filing any additional documents in the instant action, 1:2016-cv-0057; and (3) filing any new action against FirstBank Puerto Rico, its officers or agents that involves the foreclosure proceeding in *Christopher I*, or the RESPA and other claims that were asserted or could have been asserted in this matter.

**SO ORDERED.**

Date:   April 8, 2022                              _____/s/_____
                                                   WILMA A. LEWIS
                                                   District Judge